RESOLUCIÓN
Examinada la Solicitud de Certificación Intrajurisdic-cional presentada por la Asociación de Maestros de Puerto Rico y otros, se declara “con lugar” la Petición de Certificación Intrajurisdiccional. Art. 3.002(e) de la Ley Núm. 201-2003, 4 LPRA sec. 24s; Regla 52.2(d) de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V. Véase Alvarado Pacheco y otros v. ELA, 188 DPR 594 (2013).
Asimismo, se declara “con lugar” la moción para parali-zar los efectos de la Ley Núm. 160 de 24 de diciembre de 2013 hasta tanto otra cosa se disponga por este Tribunal. Regla 57.3 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V.
Por otro lado, en virtud de la Regla 51 del Reglamento del Tribunal Supremo, 4 LPRAAp. XXI-B, nombramos al Hon. Ángel Pagán Ocasio, juez que atiende el caso en el foro primario, como Comisionado Especial. Este deberá re-cibir prueba sobre las alegaciones de los peticionarios y debe rendir un informe que contenga exclusivamente de-terminaciones de hecho. Asimismo, el Comisionado Especial deberá incluir en el expediente del caso cualquier evi-dencia documental presentada por las partes.
Dada la pronta atención que requiere este caso, ordena-mos al comisionado especial presentar ante este Tribunal las determinaciones de hecho y cualquier otra evidencia documental no más tarde del viernes 7 de febrero de 2014. Alvarado Pacheco y otros v. ELA, supra.

*79
Notifíquese inmediatamente por fax o teléfono, y por la vía ordinaria.

Lo acordó y ordena el Tribunal, y lo certifica la Secreta-ria del Tribunal Supremo. El Juez Presidente Señor Her-nández Denton hizo constar la expresión siguiente, a la cual se unió la Jueza Asociada Señora Fiol Matta:
Estoy conforme con acoger la petición de certificación presentada por la Asociación de Maestros de Puerto Rico y nom-brar al Hon. Ángel Pagán Ocasio como Comisionado Especial para que celebre una vista evidenciaría y nos presente sus determinaciones de hecho no más tarde del 7 de febrero de 2014. Sin embargo, pospondría nuestra decisión sobre parali-zar los efectos de la Ley Núm. 160 de 24 de diciembre de 2013 hasta que se celebre la vista evidenciaría y este Tribunal cuente con el Informe realizado por el Comisionado Especial. De esta manera, seguimos la normativa relacionada con la expedición del recurso extraordinario del injunction que esta-blece que este no debe concederse sin haberse celebrado una vista previa. D. Rivé Rivera, Recursos extraordinarios, San Juan, Prog. Edu. Leg. Cont. de la Facultad de Derecho de la Universidad Interamericana, 1989, pág. 28. Si seguimos este curso de acción, este Tribunal siempre puede más tarde sub-sanar los efectos de la See. 4 del Art. 7.5 de la Ley Núm. 160-2013. Por último, me reservo el derecho de emitir una expre-sión posterior al amparo de la Regla 5 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.
La Juez Asociada Señora Rodríguez Rodríguez hizo constar que proveería “no ha lugar” al recurso de certificación. No obstante, ordenaría al Juez del Tribunal de Primera Instancia a atender este caso con premura. Igualmente disintió de que se ordene la paralización de una legislación que no ha entrado en vigor, emitiendo para todos los efectos un injunction sin celebrar una vista previa. Dado a lo acelerado de este proceso, se reservó el derecho de emitir una expresión posterior al amparo de la Regla 5 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. El Juez Asociado Señor Estrella Martínez emitió un voto particular de conformidad, al cual se unieron la Jueza Asociada Señora Pabón Charneco y el Juez Asociado Señor *80 Kolthoff Caraballo. El Juez Asociado Señor Feliberti Cin-tron se inhibió.
(Fdo.) Aida Ileana Oquendo Graulau Secretaria del Tribunal Supremo